### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

STEPHEN J. LONGUIDICE,    :
   Plaintiff,      :
            :
v.            :   Case No. 3:11-CV-00786 (VAB)
            :
CITY OF HARTFORD, et al.,   :
   Defendants.     :

### RULING DENYING PLAINTIFF'S MOTION TO DEFER CONSIDERING SUMMARY JUDGMENT ON COUNT EIGHT TO ALLOW TIME TO TAKE DISCOVERY PURSUANT TO FED. R. CIV. P. 56(d)

Plaintiff moves to have the Court defer consideration of Defendants' motion for summary judgment, with respect to Count Eight of Plaintiff's Complaint, and for leave to take additional discovery under Federal Rule of Civil Procedure 56(d), formerly 56(f).  [Doc. No. 53.]  For the following reasons, Plaintiff's motion is denied.

### FACTUAL BACKGROUND

This case arises from an encounter between Plaintiff and police detectives employed by the City of Hartford in the parking lot of a McDonald's in Hartford on the night of June 6, 2009. The police detectives were on-duty at the time, but in plainclothes and in an unmarked car. Plaintiff approached the car, words were exchanged, and one of the detectives hit Plaintiff in the head with his hand-held radio.  Plaintiff was arrested and subsequently filed this action in Connecticut Superior Court in April 2011 asserting nine causes of action, including one under 42 U.S.C. § 1983 for "Deliberate Indifference to Civil Rights as against City of Hartford and [Chief of Police] Daryl K. Roberts."  Doc. No. 1-2, at 11-12.

1

## PROCEDURAL HISTORY

This action was removed to this Court on May 12, 2011.  The initial schedule, based on the parties' Report of the Rule 26(f) Planning Meeting [Doc. No. 9], had the close of discovery set for July 13, 2012.  Defendants moved for and were granted an extension of the discovery period through October 12, 2012.  The parties then jointly moved for and were granted an extension of the discovery period through January 30, 2013.  The parties jointly requested another extension for discovery, through May 30, 2013, which was granted.  The parties moved for and were granted a fourth extension of the discovery period, pushing the deadline back to September 30, 2013.  A fifth extension was granted, setting the close of discovery to December 31, 2013.  A final joint motion for extension of the discovery period was made and granted, and thus, after six extensions of the discovery period and nearly three full years of discovery in this case, discovery finally closed on March 3, 2014

Defendants subsequently filed a Motion for Summary Judgment [Doc. No. 46] on May 16, 2014, after receiving an extension of time from the Court in which to do so.  Plaintiff then requested two extensions of time to file his response to the summary judgment motion.  Exactly one week before his opposition was due, nearly three months after the summary judgment motion had been filed, over five months after the close of discovery, and over three years since discovery had commenced, Plaintiff brought the present motion.

## DISCUSSION

Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to summary judgment], the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations of to take discovery; or (3) issue any other appropriate order."  Fed. R

Civ. P. 56(d).  The Second Circuit requires that a Rule 56(d) affidavit must describe: "(1) what facts are sought [to resist the motion for summary judgment] and how they are to be obtained; (2) how these facts are reasonably expected to create a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful." *Gulandi v. Adams*, 385 F.3d 236, 244 (2d Cir. 2004).

Plaintiff describes six categories of additional discovery, to be obtained through interrogatories and requests for production, that he requires in order to establish a genuine dispute regarding factors relevant to establishing a violation under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), as alleged in Count Eight of Plaintiff's Complaint.  *See* Doc. Nos. 53, 53-1. However, Plaintiff has not described any prior efforts to obtain this information.  Instead, Plaintiff admits that he propounded discovery requests on Defendants, and that Defendants provided the requested discovery.  *See* Doc. No. 53-1, at 2-3.  Because Plaintiff has made no prior efforts to obtain the newly-sought information, he cannot state why those non-existent efforts were unsuccessful.  Thus, Plaintiff has failed to satisfy at least two prongs of the Rule 56(d) standard.

Furthermore, the discovery period closed on March 3, 2014.  "An extension of the discovery period requires a showing of good cause.  *See* Fed. R. Civ. P. 16(b)(4).  The good cause standard requires [movant] to show that the deadline for completing discovery could not reasonably be met despite due diligence."  *Protegrity Corp. v. Voltage Sec., Inc.*, No. 3:10-cv-755, 2013 WL 6880597, at *2 (D. Conn. Dec. 31, 2013).  Plaintiff must demonstrate that he had diligently attempted to obtain the discovery he now seeks, especially if the Court is to modify a long-past deadline in the existing Scheduling Order.  *See also Mackey v. Pioneer Nat. Bank*, 867

F.2d 520, 524 (9th Cir. 1989) ("A [Rule 56(d)] movant cannot complain if it fails diligently to pursue discovery before summary judgment.").

The Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. As district courts have correctly observed, "the orderly, efficient passage of lawsuits through the federal courts demands that the Federal Rules of Civil Procedure be followed, that the parties adhere to Scheduling Orders, and that parties act diligently to safeguard their rights and advance their positions." *Smith v. W. Facilities Corp.*, No. 05-cv-0429, 2006 WL 898134, at *4 (S.D. Ala. Apr. 5, 2006). Furthermore, "a scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril. . . . Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.'" *B.T. ex rel. Mary T. v. Dep't of Educ., State of Hawaii*, 637 F. Supp. 2d 856, 867 (D. Haw. 2009) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992)).

Plaintiff has not shown good cause for why further discovery should be permitted at this late stage. As discussed above, Plaintiff had not undertaken to obtain this newly-sought information previously. Plaintiff now argues that he could not have sought this information earlier because he has only recently learned facts regarding the alleged frequency of excessive force incidents involving City of Harford police officers. However, the very purpose of the discovery process is to "allow the parties to develop fully and crystalize concise factual issues for trial." *Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 304 (5th Cir. 1973). The Supreme Court has long instructed that the discovery provisions of the Federal Rules of Civil Procedure are designed "for the parties to obtain the fullest possible knowledge of the issues and facts before

trial" and are thus to be broadly and liberally construed.  *Hickman v. Taylor*, 329 U.S. 495, 501, 507 (1947); *see also Schlagenhauf v. Holder*, 379 U.S. 104, 114-115 (1964).  Plaintiff could have easily propounded discovery requests regarding the frequency of alleged excessive force incidents at any point during the approximately three-year discovery period in this case.

Significantly, Plaintiff has not amended his Complaint since this case was removed to this Court, and his *Monell* claim thus has been asserted in its current form since early 2011.  The relevant law on establishing a *Monell* violation has not changed since the close of the discovery period, and the elements Plaintiff must demonstrate to establish a *Monell* violation remain what they were when this case commenced.  Thus, Plaintiff should have sought all information he believed to be relevant to this claim during the lengthy period of time provided for discovery in this case.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Defer Considering Summary Judgment on Count Eight to Allow Time to Take Discovery Pursuant to Fed. R. Civ. P. 56(d) [Doc. No. 53] is **DENIED**.

**SO ORDERED** this 18th day of March, 2015.

  /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE